J-S57033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
LAMONT TAYLOR, :
:
Appellant : No. 3756 EDA 2016

Appeal from the PCRA Order November 3, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0908441-1998;
CP-51-CR-1206842-1997

BEFORE: PANELLA, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED OCTOBER 18, 2017**

Lamont Taylor ("Taylor"), *pro se*, appeals from the Order dismissing

his second Petition for relief filed pursuant to the Post Conviction Relief Act

("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court set forth the relevant underlying facts as follows:

On July 25, 1997, [Taylor] and an accomplice shot and killed
Charles Sipes [("Sipes")] in a drug dispute. Upon discovering
that a witness, Madeline Carter [("Carter")], had given a
statement to the police, [Taylor] and his accomplice fatally shot
and set her on fire on August 4, 1997. On March 30, 2001,
following a joint jury trial presided over by the Honorable John J.
Poserina, [Taylor] and his accomplice were tried and convicted of
first[-]degree murder of Carter, third[-]degree murder of Sipes,
arson, aggravated assault, conspiracy, and possessing an
instrument of crime. On April 3, 2001, [Taylor] was sentenced
to life imprisonment for the first[-]degree murder conviction. On
April 4, 2001, an aggregate consecutive sentence of fourteen
(14) to twenty-eight (28) years' incarceration for the remaining
convictions was imposed. Following [Taylor's] appeal, the
Pennsylvania Superior Court affirmed the judgment of sentence
on September 13, 2002, and the Pennsylvania Supreme Court
denied *allocatur* on August 19, 2003. [**See Commonwealth v.**

> ***Taylor***, 813 A.2d 910 (Pa. Super. 2002) (unpublished memorandum), *appeal denied*, 830 A.2d 975 (Pa. 2003).]
>
> [Taylor] filed his first PCRA [P]etition, *pro se*, on February 4, 2004. John Cotter, Esquire, was appointed as counsel, and subsequently filed an amended [P]etition on April 11, 2005. … On March 22, 2006, the PCRA petition was dismissed[.] The Pennsylvania Superior Court affirmed on May 21, 2007, followed by the Pennsylvania Supreme Court denying allocatur on January 8, 2008. [***See Commonwealth v. Taylor***, 929 A.2d 248 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 940 A.2d 364 (Pa. 2008).] …
>
> On August 24, 2012, [Taylor] filed the instant PCRA [P]etition, followed by an amended [P]etition on July 25, 2016. Pursuant to Pa.R.Crim.P. 907, th[e PCRA] court sent a [N]otice of intent to dismiss the [P]etition as untimely without exception on September 26, 2016. [Taylor] filed an objection to the [Rule] 907 [N]otice on October 13, 2016. Thereafter, th[e PCRA] court formally dismissed [Taylor's] PCRA [P]etition on November 3, 2016. On November 15, 2016, [Taylor] timely filed the instant [N]otice of appeal ….

PCRA Court Opinion, 2/7/17, at 1-2 (footnotes omitted).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including

- 2 -

discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Taylor's Petition is facially untimely under the PCRA. **See** 42 Pa.C.S.A. § 9545(b). However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." **Id.** § 9545(b); **Albrecht**, 994 A.2d at 1094.

Taylor invokes the newly-recognized constitutional right exception under section 9545(b)(1)(iii), arguing that his sentence is illegal based upon **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016). **See** Brief for Appellant at 8-10, 18, 20-21, 22-24, 27-37. The **Montgomery** Court held, *inter alia*, that "when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule." **Montgomery**, 136 S. Ct. at 729. In so ruling, the **Montgomery** Court concluded that the new substantive rule of constitutional law announced in **Miller v. Alabama**, 132 S. Ct. 2455, 2460 (2012) (holding that sentencing schemes that mandate life in prison without

- 3 -

parole for defendants who committed their crimes while under the age of eighteen violate the Eighth Amendment's prohibition on "cruel and unusual punishments"), applies retroactively. *Montgomery*, 136 S. Ct. at 736.

*Montgomery* and *Miller* are inapplicable to this case because Taylor was twenty-one years old when he committed the crimes. *See* PCRA Court Opinion, 2/7/17, at 4; *see also Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (noting that "petitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii).").  Thus, we conclude that Taylor's *Montgomery* claim fails to meet the requirements of the newly-recognized constitutional right exception.

Taylor also invokes the newly-recognized constitutional right exception based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *See* Brief for Appellant at 10-18, 20-22, 24-26.  In *Alleyne*, the Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155.  The Supreme Court reasoned that a Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury. *Id.* at 2156.

However, the rule established in *Alleyne* does not apply retroactively where, as here, the judgment of sentence is final. *See Commonwealth v.*

- 4 -

***Washington***, 142 A.3d 810, 820 (Pa. 2016) (holding that "***Alleyne*** does not apply retroactively to cases pending on collateral review."); ***see also Miller***, 102 A.3d at 995 (stating that while ***Alleyne*** claims go to the legality of the sentence, a court cannot review a legality claim where it does not have jurisdiction).[1] Thus, Taylor's ***Alleyne*** claim fails to meet the requirements of the newly-recognized constitutional right exception.

Accordingly, the PCRA court properly dismissed Taylor's second PCRA Petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2017

---

[1] Taylor argues that ***Montgomery*** rendered retroactive the new constitutional right announced in ***Alleyne***, making his sentence illegal. ***See*** Brief for Appellant at 10, 18-20. Contrary to Taylor's claim, ***Montgomery***, which discussed only the ***Miller*** holding, did not retroactively apply a constitutional right applicable to Taylor.